IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER GARCIA JEFFERSON,<br><br>    Petitioner,<br><br> vs.<br><br>ARNOLD SCHWARZENEGGER,<br><br>    Respondent. | No. C 07-4226 JSW (PR)<br><br>ORDER OF DISMISSAL AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br><br>(Docket No.2) |

Petitioner, a state prisoner currently incarcerated at Southern Desert Correctional Center in Indian Springs, Nevada, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 decision by the Governor of California reversing a California Parole Board decision finding Petitioner suitable for parole and setting a parole date for Petitioner. The Court concludes that Petitioner's claim is subject to summary dismissal under § 2254 and will dismiss the petition. Petitioner's motion to proceed *in forma pauperis* is GRANTED (docket no. 2).

**DISCUSSION**

A.   <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

1

the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).   "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

B.     Petitioner's Claim

In this case, Petitioner specifically alleges that his sole challenge to the denial of parole is an ex post facto challenge to the Governor's authority to reverse the determination of the California Parole Board finding him suitable for parole.  Petitioner alleges that he was sentenced on December 8, 1978 for a crime committed on October 17, 1977 and that the amendment to the parole regulations providing for gubernatorial review of parole decisions which occurred in 1988 constitutes an ex post facto law in it's application to him.  While Petitioner also raises a second claim challenging the California Supreme Court's failure to grant relief on this claim, the Court finds that the second claim raises the same underlying issue as the first.

In 1977, the California Legislature replaced the ISL with the Determinate Sentencing Law ("DSL").  The DSL mandated annual parole hearings pursuant to California Penal Code section 3041.5(b)(2).  *See Morales v. California Dep't of Corrections*, 16 F.3d 1001, 1003 (9th Cir. 1994) (citing *Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir. 1992)), *rev'd on other grounds*, 514 U.S. 499 (1995).  In 1988, voters passed Proposition 89, which gave the governor power to review and reverse or modify the Board of Parole Term's ("BPT") parole decision. *See Johnson v. Gomez*, 92 F.3d

964, 965 (9th Cir. 1996). In *Johnson,* the Ninth Circuit addressed the same ex post facto challenge to the transfer of final parole decision making authority from the BPT to the governor as Petitioner raises here. The Court found that the application of the 1988 amendment to a prisoner who, like Petitioner, was found suitable by the Board, but whose suitability determination was reversed by the Governor, does not violate the Ex Post Facto Clause because the prisoner cannot demonstrate with certainty that he would have been granted parole before the change and the change in the law was neutral because it "simply removes final parole decisionmaking authority from the BPT and places it in the hands of the governor." *Id.* at 967-68. Therefore, because Petitioner's claim has already been decided by the Ninth Circuit, it fails to state a claim for relief here. Accordingly, the instant petition is summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

**CONCLUSION**

The instant petition is summarily DISMISSED. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: January 9, 2008

JEFFREY S. WHITE
United States District Judge

...

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER G JEFFERSON,

    Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

    Defendant.

Case Number: CV07-04226 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alexander G. Jefferson
B99662
Southern Desert Correctional Center
P.O. Box 208
Indian Springs, NV 89070-0208

Dated: January 9, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk