ALEXANDER G. JEFFERSON,
CDCR #B-99662 / NDOC #48783
Southern Desert Correctional Center
Post Office Box 208
Indian Springs, Nevada 89070-0208



Petitioner - In Pro Se:

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER G. JEFFERSON, | Case No.: **C 07-4226 JSW (PR)** |
| Petitioner, | |
| -VS- | **MOTION FOR A CERTIFICATE OF APPEALABILITY (COA)** |
| ARNOLD SCHWARZENEGGER, | |
| Respondent. | |

Comes now Alexander G. Jefferson, the Pro Se Petitioner in the above-entitled Caption, and hereby Moves this Court, pursuant to **28 U.S.C. §2253(c), Federal Rules of Appellate Procedure 4** and **22(b)** and **Circuit Rule 22-1(a)** for a Certificate of Appealability (COA). The Petitioner seeks leave to appeal and Order and Judgment dismissing his **28 U.S.C. §2254** petition for Writ of habeas corpus entered by this Court on January 9th, 2008 respectively, and the Petitioner hereby relies upon the holdings of **Haines v. Kerner**, 404 U.S. 519, 520-521.

This Motion for a Certificate of Appealability is based upon the following:

1.) This Court "Dismissed" the Petitioner's petition based

upon the holdings of **Johnson v. Gomez**, 92 F.3d 964,965 (9th Cir. 1996). **Johnson,supra**, challenged the validity of the newer 1988 amended vresion of the Parole Board's Regulations, and unlike **Johnson,supra**, the Petitioner in his petition to this Court **did not**, nor has he ever during the course of this litigation challenged the validity of the newer amended version of the Parole Board's Regulations nor **Cal.Pen.Code §3041.2**, nor the Governer's authority granted under either. What the Petitioner **did** and **is** challenging is the retroactive application of the newer Parole Board Regulations to him and the retroactive application of the newer California Penal Law/Penal Statute [**Cal.Pen.Code §3041.2**] to him as both were enacted over an entire decade **after** the commission of his crime(s) and the retroactive application of both the newer Parole Board Regulations and the newer Califoania Penal Law/Penal Statute to the Petitioner has in fact caused him to serve a more lengthy period of incarceration. Further, unlike **Johnson,supra**, the Petitioner did assert in his petition to this Court as he continues to assert, that when the Assembly Bill was passed, it was not the California Legislature's intent for **Cal.Pen.Code §3041.2** to be retroactively applied; and,

2.) Even if assumed that Petitioner's case here litigated was exactly the same as **Johnson,supra**, **Johnson**, is out-dated and inapplicable to the Petitioner's case because long after the **Johnson** decision of 1996, there was and is a new Rule of Law in effect which holds that the retroactive application of newer amended versions of Parole Board Regulation to prisoners such as in the Petitioner's case at bar, violates the ex post facto prohibitions by both the United States Constitution [**Art.1, §10,**

- 2 -

Cl.1] and United States Supreme Court precedent. See: **Murtishaw v. Woodford**,255 F.3d 926, 966 (9th Cir.2001); **Himes v. Thompson**, 336 F.3d 848 (9th Cri.2003); **U.S. v. Alfaro**,336 F.3d 876(9th Cir. 2003); **Hunter v. Ayers**, 336 F.3d 1007 (9th Cir.2003); **Brown v. Palmateer**, 379 F.3d 1089 (9th Cir.2004; **William v. Roe**, 421 F.3d 883 (9th Cir.2005); and **Sanchez v. Kane**, 2006 WL 2252640 (C.D. Cal. 2006).

Under the new Rule of Law, the Petitioner is entitled to be placed under the 1977 version of Parole Board Regulations which was in effect at the time of his crime and not be subjected to the newer 1988 amended version of Parole Board Regulations which includes Gubnatorial Review of Parole Board decisions which is a discretionary scope that did not exist under the Regulations in effect at the time of Petitioner's crime.

The Petitioner hereby assert, that one of the 9th Circuit Court of Appeal decisions which the Petitioner has relied upon and cited throughout the entire cousre of this litigation is **Himes v. Thompson**,supra, and in the last paragraph of **Himes**, the 9th Circuit Court of Appeal cites the case of **Murtishaw v. Woodford**, supra, and stated that under the holdings of **Murtishaw v. Woodford**, **Himes** was entitled to be placed under the Parole Board Regulations that was in effect at the time of his crime and not be subjected to the retoractive application of the newer amended version of the Parole Board's Regulations, and needless for the Petitioner to say, **Murtishaw v. Woodford, supra,** is in fact a decision that originated in the California Supreme Court and has been continuosly upheld by the 9th Circuit Court of Appeal and citing was in 2005 in **Willaim v. Roe,supra,**thus the Petitioner

- 3 -

did in fact state a claim in which relief can and should be granted.

 **3.)** As far as **Cal.Pen.Code §3041.2**, irregardless of how labled, **Cal.Pen.Code §3041.2** is an unchangable fact, a Penal Law/ Penal Statute and codified as such in the California Penal Code book and when the Assembly Bill was passed, it was not the California Legislature's intent for **Cal.Pen.Code §3041.2** to be applied retroactively because 1) the United States Constitution, Art.1, §10, Cl.1 and California Constitution, Art.1, §9 prohibited the Legislature from passing and enacting any ex post facto laws; and 2) the California Legislature Itself has made it very clear in **Cal.Pen.Code §3** that "No part of the penal code is retroactive, unless expressly so declared", and **Cal.Pen.Code §3041.2** itself is completely devoid of any expression that it is to be retroactively applied.

 Furthermore, even if **Cal.Pen.Code §3** did not exist, the mere fact of **Cal.Pen.Code §3041.2** being absolutely devoid of any language written therein it that even gives a hint that it was Legislature's intent for it to be retroactively, automatically gives rise to the "Rule of Lenity", in which case the United States Supreme Court precedents is absolutely clear in that this issue would have to be resolved in favor of the Petitioner. See: **United States v. Bass**, 404 U.S. 336, 348, 92 S.Ct. 515 at 522- 523 (Note [3,4]), 30 L.Ed.2d 488 (1971); **Bifulco v. United States**, 447 U.S. 381, 387, 100 S.Ct. 2247 at 2252 (Note [2]), 65 L.Ed. 2d 205 (1980). Also see: **Pachecoo-Camacho v. Hood**, 272 F.3d 1266 at 1271 (9th Cir.2001).

4.) If **Cal.Pen.Code §3041.2** is labled as "procedural", then clearly established federal law as determined by the United States Supreme Court in **Collins v. Youngblood**, 497 U.S. 37, 110 S.Ct. 2715 (1990) states that: "Legislature does not immunize a law from scrutiny under Ex Post Facto Clause simply by labelling it "procedural"; Subtile ex post facto violations are no more permissible than overt ones. U.S.C.A. Const.,Art.1, §10, Cl.1."; and,

5.) If **Cal.Pen.Code §3041.2** is labled as a "regulation" or an "order", then the 9th Circuit Court of Appeal in **Himes,supra,** at **Note [10,11]** that: "The Ex Post Facto Clause applies by it's term to "laws". As such, the clause reaches "every form in which legislative power of a state is exerted," including **"a regulation or order."** Ross v. State of Oregon, 227 U.S. 150, 162-63, 33 S.Ct. 220, 57 L.Ed.2d. (1913)."; and,

6.) Either way, the retroactive application of **Cal.Pen.Code §3041.2** to the Petitioner is a violation of the ex post facto Clause of the United States Constitution, Art.1, §10, Cl.1, and so is the retroactive application of the newer 1988 amended version of the Parole Board's Regulation to the Petitioner, as both the newer Penal Law/Penal Statute and the newer amended version of the Parole Board Regulations were enacted over a decade after the commssion of the Petitioner's crime and the retroactive application of that newer Penal Law/Penal Statute and newer amended version of Parole Board Regulations to the Petitioner has caused him to serve a more lengthy period of incarcerated.

**CONCLUSION**

For the reasons stated above, the Petitioner, Alexander Garcia Jefferson, respectfully asks this Court to enter an Order certifying the following issues on appeal. The Petitioner (Hereinafter "Jefferson") proposes raising the following issues and assement of error:

A. Did Jefferson demonstrate that after **Johnson v. Gomez, supra**, that there is a new Rule of Law, holding that the retroactive application of newer amended version of Parole Board Regulations to prisoners violates the ex post facto Clause of the United States Constitution, Art.1, §10, Cl.1 if the newer amended version of Parole Board Regulations causes a more lengthy period of incarceration?

B. Did Jefferson demonstrate that he is entitled to the benifit of the new Rule of Law which holds that he is entitled to be placed under the 1977 Parole Board Regulations that was in effect at the time of his crime and not be subjected to the retroactive application of the newer 1988 amended version of the Parole Board Regulations which was enacted over a decade after the commission of his crime and is causing him to serve a more lengthy period of incarceration?

C. Did the District Court error in its failure to apply the holdings of the new Rule of Law after **Johnson v. Gomez** in this case and dismissed Jefferson's petition based upon the holdings of **Johnson v. Gomez, supra**?

D. Did Jefferson demonstrate that **Cal.Pen.Code §3041.2** is in fact a Penal Law/Penal Statute and that it was not the California Legislature's intent for **Cal.Pen.Code §3041.2** to be retroactively applied to prisoners?

E. Did Jefferson demonstrate that the retroactive application of **Cal.Pen.Code §3041.2** which was enacted over a decade

**PETITIONER'S VERIFICATION/DECLARATION**

I, Alexander Garcia Jefferson, hereby declare pursuant to **28 U.S.C. §1746** and all other Statutes which covers the penalty of perjury that I am the Pro Se Petitioner in the foregoing **MOTION FOR A CERTIFICATE OF APPEALABILITY**, and further declare pursuant to **28 U.S.C. §1746** and all other Statutes which covers the penalty of perjury, that all the informations provided therein the foregoing **MOTION FOR A CERTIFICATE OF APPEALABILITY** are true and correct to the best of my knowledge, and even further declare that on this ___18___ day of ___January___, 2008, I mailed both the original and a true and correct copy of the foregoing **MOTION FOR A CERTIFICATE OF APPEALABILITY** to the clerk of the United States District Court Clerk pursuant to the "Mail Box Rule" pursuant to Houston v. Slack, 487 U.S. at 266, 108 S.Ct. 2379 on this ___18___ day of ___January___, 2008.

Declared By,

_Alexander Garcia Jefferson_
Alexander Garcia Jefferson
In Pro Se.

- 8 -